UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BRAULIO GUZMAN,

                                          :       16 Civ. 2637 (AJP)
                   Plaintiff,

                                            :       OPINION & ORDER
          -against-

                                            :

 PRODELCA CORP., et al.,             :

                     Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

        Plaintiff Guzman has moved for the Court to approve the settlement agreement in this FLSA case.  (Dkt. No. 23.)  For the reasons stated below, the Court cannot approve the settlement under <u>Cheeks</u> v. <u>Freeport Pancake House, Inc.</u>, 796 F. 3d 199 (2d Cir. 2015), <u>cert. denied</u>, 136 S. Ct. 824 (2016), unless two provisions are changed.[1]

        First, the Settlement Agreement contains a "Confidentiality" clause (Dkt. No. 24-2: Settlement Agmt. ¶ 9), which is inconsistent with <u>Cheeks</u> and its progeny.

        Second, the Settlement Agreement calls for approximately half of the settlement amount payable to plaintiff (<u>i.e.</u>, after deduction of attorneys' fees and costs) to be treated as W-2 wages and the rest as non-wage income reportable on a Form 1099.  (Settlement Agmt. ¶ 2(a), (c).) However, the entire settlement amount is far less than the alleged unpaid wage amount.  To thus treat any of the settlement amount as non-wage liquidated damages is a fiction, the only purpose of

---

[1]     It is a close call whether the amount of the settlement is too low for approval, but based on the special circumstances set forth in plaintiff Guzman's affidavit (Dkt. No. 24-2), the Court is willing to approve the settlement if the two issues are resolved.

which is tax saving.  It is one thing for lawyers to structure settlements in this way where they do not need judicial approval.  But <u>Cheeks</u> requires court approval of FLSA settlements, and this Court refuses to approve such a gimmick.  It may be beneficial to both the plaintiff and the defendant, but it does not comport with tax law.

The law is clear that back pay awards constitute taxable wages, from which appropriate tax withholding and reporting on a W-2 is required.[2]  The parties' intentions or characterization of settlement payments, standing alone, do not dictate the correct tax treatment of a settlement.  <u>See</u>, <u>e.g.</u>, <u>Gerstenbluth</u> v. <u>Credit Suisse Sec. (USA) LLC</u>, 728 F.3d 139, 144 (2d Cir. 2013).  Rather, the Court first looks to

> the nature of the claim that led to the settlement, together with the remedies available under the law on which the claim giving rise to the settlement is based, to ascertain what the payment fairly represents.  Stated differently, in seeking to classify a settlement payment . . . for tax purposes, we ask, "In lieu of <u>what</u> were the damages awarded?"

<u>Id.</u> (emphasis in original).  This Court is of the opinion that an FLSA settlement represents an award of back pay and not also liquidated damages until the plaintiff is compensated for the wages allegedly owed.

---

[2]    <u>See</u>, <u>e.g.</u>, <u>Noel</u> v. <u>N.Y.S. Office of Mental Health Cent. N.Y. Psychiatric Ctr.</u>, 697 F.3d 209, 213-14 & n.4 (2d Cir. 2012) ("We have little difficulty in concluding that both back pay and front pay are 'wages' as defined by the Internal Revenue Code."); <u>Archie</u> v. <u>Grand Cent. P'ship, Inc.</u>, 86 F. Supp. 2d 262, 273 (S.D.N.Y. 2000) ("[T]he courts are generally of one mind that withholding from back wages must be made, whether in the FLSA context or analogous employment discrimination contexts." (citing cases)); <u>Melani</u> v. <u>Bd. of Higher Educ. of City of N.Y.</u>, 652 F. Supp. 43, 48 (S.D.N.Y. 1986), <u>aff'd</u>, 814 F.2d 653 (2d Cir. 1987); I.R.S., PUB. 957: REPORTING BACK PAY AND SPECIAL WAGE PAYMENTS TO THE S.S.A., 2013 WL 436205 at *1 ("The Internal Revenue Service (IRS) and the SSA consider back pay awards to be wages. . . .  Employers should use Form W-2 . . . to report back pay as wages in the year they actually pay the employee.").

This problem is not unique to this case, which is why the Court has decided to write this Opinion.  Often in FLSA settlement conferences, plaintiff's counsel argues for a high amount of unpaid wages, but when the case settles for that amount or less, tries to have half (or even two-thirds) classified as liquidated damages on a 1099 rather than W-2 basis.  It is this Court's view that where an FLSA plaintiff receives in a settlement less than the full amount of alleged unpaid wages, all of the settlement payments to the plaintiff (after deduction of attorneys' fees and costs) must be on a taxable W-2 basis.

The parties are to advise the Court by <u>August 22, 2016</u> as to how they wish to proceed, and if they choose to proceed with the settlement as modified by the above, also to file signed copies of the settlement agreement.

SO ORDERED.

Dated:       New York, New York
             August 16, 2016

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies **by ECF** to:     All Counsel